

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alton T. Freeman
County Attorney
Gaines County
Seminole, Texas

Dear Sir:

Opinion No. O-1727
Re: Senate Bill No. 442, 46th
Legislature, Vernon's Texas
Session Laws 1939, P. 441 —
County-wide Equalization School
Districts — County Tax Assessors'
Fees of Compensation for Assessing
Tax.

This will acknowledge receipt of your letter of December 13, 1939, submitting for a legal opinion the following questions, towit:

1. Is the County Assessor entitled to one-half of one per cent of the total property valuation of the county-wide equalization school districts organized under the provisions of Senate Bill 442 of the regular session of the 46th Legislature, 1939?

2. Is a pipeline company liable to such county district for taxes on its pipeline intangible valuation?

By the terms of Sec. 6 of Senate Bill 442 it is provided:

"The officers assessing and collecting said equalization tax shall receive therefor the same compensation as is paid for assessing and collecting school taxes in common school districts."

Article 2795 of the R. C. S., governing the assessing and collecting of taxes for common school districts, says:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Alton T. Freeman, Page 2

"The Tax Assessor shall receive a commission of one-half of one per cent for assessing such tax, and the Tax Collector a commission of one-half of one per cent for collecting the same."

1. You say the Assessor has assessed the district rate of 40¢ on the $100.00 of the total valuation of the property in the district (county) — $8,000,000.00 — and claims as his fees therefor "one-half of one per cent of total valuation which is $8,000,000. and his fee figures out to be $400.00;" but one-half of one per cent of $8,000,000.00 would be $40,000.00! Obviously, the Assessor has not arrived at the amount of his fees in this way.

The proper way to arrive at the amount of such fees is to calculate one-half of one per cent of the taxes assessed — being 40¢ on the $100.00 of the $8,000,000.00 valuation, amounting to $32,000.00 — which would give $160.00, as contended for by the board under your further statement of the controversy.

The compensation to the Assessor and likewise to the Collector is based upon the taxes assessed and collected, respectively, and not upon the valuation of the property against which such taxes have been assessed.

2. With respect to your second question, you are advised that Article 7105 of the R. C. S. provides for an annual tax upon the intangible properties of corporations, such as oil pipeline companies, in favor of the State and of the county. The tax therein authorized in favor of the county means the county as such. There appears to be no authority for the imposition of the tax upon such intangibles in favor of districts or sub-divisions of the county. In the present case the entire county is embraced in the county-wide equalization district, but, nevertheless, it is a district and not a county within the meaning of this tax law.

The question seems to be ruled by Bell County v. Hines, 219 S. W. 556, where it is said:

"We do not think that the case of State v. Railway Co., 209 S. W. 820, is an authority as to the issue involved in this case. That was a suit to collect taxes for the use and benefit of the Harris county ship channel navigation district, on the intangible assets and rolling stock of the railway company which had been apportioned to Harris county. The boundaries of the navigation district were the

Hon. Alton T. Freeman, Page 3

"same as the boundaries of Harris county, but it was not Harris county. On the contrary, it was a body corporate, a separate legal entity, capable of suing and being sued as such. In that case the court held that, while the Legislature might have authorized the district to levy a tax on the intangible assets and rolling stock of the railway company, it had not done so, for the reason that it had authorized the tax to be levied upon property 'within said district'; and, while recognizing the power of the Legislature to fix the situs for taxation of all personal property, as it had not fixed the situs of rolling stock and intangible values for taxation for district purposes in any district, the navigation company had no power to tax such property. * * *"

The case is followed with approval in Texas & Pacific Railway Company v. State, 43 S. W. (2d) 628.

Trusting that this will answer your inquiry satisfactorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Ocie Speer
            Assistant

OS:MR


APPROVED DEC 23, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN